[Civ. No. 18959.   Second Dist., Div. One.   Aug. 18, 1952.]

PORTER PIN COMPANY, Appellant, v. CHARLES P. SAKIN et al., Respondents.

Halverson & Halverson and George Halverson for Appellant.

John W. Preston and John W. Preston, Jr., for Respondents.

DORAN, J.—The action herein is for an accounting under a license agreement whereby plaintiff, the owner of certain letters patent on safety pins, granted to the defendants, Charles P. Sakin and Leo L. Schaumer, "the exclusive right to manufacture, cause to be manufactured, sell, cause to sell, distribute and cause to be distributed, said safety pin containing said patented improvement, and any and all improvements and extensions thereon, to the end of the term, for which said letters patent were granted, . . . for which said defendants agreed to pay the plaintiff an amount equal to five per cent (5%) of the net sales of all safety pins manufactured, sold or distributed, . . . with a minimum guarantee as and for said license fee of $300.00 per month, to be paid monthly

thereafter so long as the defendants should sell and distribute safety pins produced thereunder. . . .''

It was further agreed that defendants should have the right to assign the contract to a corporation to be organized. This was done and the contract assigned to the defendant, Safe Safety Pin Corporation of America, the individual defendants becoming officers and directors. Subsequently, by agreement, the guaranteed royalty was reduced to $100 per month, to be later increased to $200, and then to $300 per month, ''said respective payments to be made monthly so long as the parties of the second part (Sakin and Schaumer) shall sell and distribute safety pins.'' It appears that the individual defendants, Sakin and Schaumer, never did manufacture, sell or distribute safety pins, but that the Safe Safety Pin Corporation did so manufacture, sell and distribute until about July 31, 1947.

No service of summons was had upon the defendant Charles P. Sakin and said defendant made no appearance in the case. The trial court, sitting without a jury, rendered judgment in favor of plaintiff against the Safe Safety Pin Corporation for $4,340 with interest, and against the plaintiff in favor of the defendant Leo L. Schaumer. Plaintiff has appealed from that part of the judgment denying relief against defendant Schaumer, appellant's brief stating that the corporate defendant was ''execution proof.''

Appellant's first question on appeal is phrased as follows: ''Were defendants Sakin and Schaumer, released from liability by assigning all benefits thereunder to the corporate defendant?'' The appellant claims that this should be answered in the negative, citing section 1457 of the Civil Code, which provides that ''The burdens of an obligation may be transferred with the consent of the party entitled to its benefits, but not otherwise. . . .''

The trial court found that the defendants Sakin and Schaumer ''never manufactured, sold or distributed and neither of them ever manufactured, sold or distributed any safety pin. Said defendants never paid anything on account of royalties in the premises and were never asked by plaintiff to pay anything in the premises. Said defendants never rendered the plaintiff any accounting and were never asked by the plaintiff to do so.'' The conclusion necessarily followed that the only defendant liable to the plaintiff was the Safe Safety Pin Corporation, and judgment was rendered accordingly.

It is appellant's contention that there is nothing in the

contract indicating any intention to release the individual defendants from liability to plaintiff, and that the assignment by such defendants to the Safe Safety Pin Corporation did not relieve Sakin and Schaumer from individual liability to pay royalties. On the other hand, respondent Schaumer takes the position that "By agreement of all parties . . . Safe Safety Pin Corporation was substituted for and assumed the obligations of Sakin and Schaumer under said agreement," and that "the evidence shows facts sufficient to establish a novation." ■ As said in *Silva* v. *Providence Hospital*, 14 Cal.2d 762, 773 [97 P.2d 798], "conduct may form the basis for a novation (*Producers' Fruit Co.* v. *Goddard*, 75 Cal.App. 737 [243 P. 686])."

■ The record discloses substantial evidence in support of the trial court's finding that there was no liability on the part of the defendant Schaumer and that the only party responsible to the plaintiff for royalties under the contract was the corporate defendant. As hereinbefore mentioned, the payment of royalties under the license agreement was to be made "so long as the defendants should sell and distribute safety pins produced thereunder." And, as found by the court, the individual defendants never sold or distributed any safety pins.

It was contemplated by the parties, as stated in the contract, that a corporation should be organized to produce and market the pins. This was done, and thereafter all dealings were between plaintiff and the Safe Safety Pin Corporation, and not with the individual defendants. The corporation furnished plaintiff with sales statements and computations of royalties; the individual defendants never paid any royalties and were never asked to pay or to account therefor. This state of affairs continued to exist during the period that the Safe Safety Pin Corporation manufactured and sold the pins, namely from August, 1942, until July 31, 1947. This arrangement was apparently satisfactory to all parties concerned. Indeed, appellant does not appeal from the trial court's judgment against the corporation, but complains that such defendant "is execution proof,"—a matter in no way affecting the liability of the individual defendants.

Under the usual rule relating to appellate review where the record reveals substantial evidence in support of the findings, no cause for reversal has been shown.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.